## EUGENE McLENDON v. ELIZABETH C. BUMPASS.

### Decided October 10, 1908.

**1.—Appeal—Statement of Facts—Motion to Strike Out—Practice.**

A motion to strike out a statement of facts on appeal will be overruled without reference to the merits of the motion when the judgment of the Appellate Court is based upon findings of fact by the trial court incorporated in the record, and the judgment of the court would be the same whether the motion was sustained or overruled.

**2.—School Land—Purchase—Improvements—Statute Construed.**

Under the provisions of art. 4218, Revised Stats. of 1895, a purchaser of school lands is not required to make improvements thereon beyond those necessarily incident to the settlement and occupancy required by other provisions of the Act, and a failure to make more extensive improvements would be no ground for forfeiture of the purchaser's right.

Appeal from the District Court of Stonewall County. Tried below before Hon. C. C. Higgins.

*W. J. Arrington* and *H. G. McConnell,* for appellant.—The burden was upon the appellee to show that no facts existed to authorize the Commissioner of the General Land Office to declare a forfeiture of the claim of J. D. McLendon to the land in controversy on April 20, 1901, for abandonment, and there being no finding of fact to show that J. D. McLendon continued at that time to improve the land, the evidence is insufficient to support the judgment in appellee's favor.   Acts Twenty-fourth Leg., p. 66, chap. 47, sec. 11; Acts Twenty-seventh Leg., p. 294, chap. 125, sec. 3; art. 4218L, Rev. Stats. of Texas; Slaughter v. Terrell, 100 Texas, 600; Bumpass v. McLendon, 45 Texas Civ. App., 519.

*A. H. Kirby,* for appellee.

SPEER, Associate Justice.—This appeal is from a judgment of the District Court of Stonewall County in favor of Elizabeth C. Bumpass, plaintiff below, against Eugene McLendon, awarding her section No. 26, in block A, State school land, in said county.   The case has been once before appealed to this court, and reversed in an opinion by Chief Justice Conner, reported in 45 Texas Civ. App., 519, where a very complete statement of the case and of our views of the law will appear.   Upon the last trial the court before whom the case was tried filed his findings of fact as follows:

"1st.   That plaintiff filed her petition in due and regular form for action of trespass to try title on October 9, 1905, in this court, and that defendant pleaded general denial, not guilty, and for improvements in good faith.

"2d.   That plaintiff offered evidence showing that (a) M. F. Jones purchased the land in controversy in this suit, to wit, section No. 26 in block 'A' of the A. B. & M. survey of land in Stonewall County, Texas, from the State, on the 18th day of October, 1888, out of the School Fund, one-fortieth cash.   (b) That on May 31, 1889, M. F. Jones conveyed same land by deed regularly to J. D. McLendon, the said J. D. McLendon assuming the obligations of M. F. Jones to the State for said land; it was duly filed in the General Land Office.   (c) That J. D. McLendon made application in due form of law on May 31, 1889, together with his affidavit and obligation to purchase the land in controversy from the State, filed in Land Office June 19, 1889.   (d) That J. D. McLendon made proof of occupancy, as required by law of April 1, 1887, on the 5th day of December, 1893, in due and legal form, upon this land, filed in the General Land Office December 9, 1893.   (e) That on January 1, 1899, J. D. McLendon paid into the State treasury, and received his receipt therefor, the sum of $15 37-100, principal, first payment and accrued interest due on land in controversy on a new purchase from the State, under Acts of 1895 and 1897.   (f) That on the 11th day of September, 1899, J. D. McLendon made new application, affidavit and obligation, all in due form of law, and filed in General Land Office of Texas September 15, 1899, and land in controversy awarded to J. D. McLendon on January 22, 1900.   (g) That J. D. McLendon paid into the State treasury $18 45-100, and received a receipt therefor; said money was paid as part of the interest on J. D. McLendon's purchase of land in controversy, due up to November 1, 1900, receipt dated February 26,

1901. (h) That on April 16, 1901, Leggett & Kirby paid into the State Treasury $1 80-100, and received receipt therefor as balance interest due on J. D. McLendon's purchase of land in controversy up to November 1, 1900. (i) That A. H. Kirby, as agent for the plaintiff, sent to the State treasurer at Austin the amount of interest due on the J. D. McLendon purchase up to November 1, 1901, and that the State treasurer received the same, but refused to receipt therefor, and returned the said payment of interest in full back to the said A. H. Kirby. (j) That on July 23, 1894, J. D. McLendon executed to John K. Bumpass a vendor's lien note on the land in controversy in the sum of $1,611 71-100 by way of renewal of the original note and vendor's lien therefor executed on same land by same parties on May 30, 1889. (k) That on the 23d day of July, 1894, J. D. McLendon executed to E. B. Bumpass, as trustee for J. K. Bumpass, a deed of trust on the land in controversy to secure the payment of the above described note, etc., which was filed for record the 15th day of August, 1894, in the office of the county clerk of Stonewall County, Texas, and recorded on the 17th day of August, 1894, in the records of mortgages and deeds of trust of Stonewall County, volume 1, pages 107 to 110. (l) That on the 11th day of October, 1900, the plaintiff in this suit, as executrix under the will of J. K. Bumpass, brought suit in the District Court of Stonewall County, Texas, against J. D. McLendon, to foreclose the liens retained in the note and deed of trust above mentioned. (m) That the venue was changed to the District Court of Jones County, Texas, and final judgment rendered therein on the 8th day of January, A. D. 1905, in favor of the plaintiff E. C. Bumpass, as executrix of the will of J. K. Bumpass, against the defendant in said cause, J. D. McLendon, for the sum of $2,648 28-100, and foreclosing the vendor's lien as it existed on the 23d day of July, 1894, on the land in controversy. (n) That an order of sale in due form of law issued out of the District Court of Jones County, Texas, on the 8th day of February, 1905, on the above judgment; and that the land in controversy sold in due form of law thereunder to plaintiff herein, E. C. Bumpass, for $500. (o) That deed was duly executed to E. C. Bumpass by the sheriff of Stonewall County, Texas, under the sale hereinabove mentioned, etc.

"Whereupon plaintiff rested, and the defendant showed: 1st. That the obligation of M. F. Jones, of date October 18, 1888, and the obligation of J. D. McLendon, of date May 31, 1889, were endorsed by the Commissioner of the General Land office, without date, 'Lands forfeited.'

"2d. That the obligation of J. D. McLendon, of date September 11, 1899, had indorsed on its face, in red ink, 'Land forfeited for abandonment, 4-20-1901. Chas. Rogan, Com'r.' And the applications above described were same ones introduced by plaintiff, except the forfeiture indorsements.

"3d. That on July 13, 1901, W. E. McLendon, son of J. D. McLendon, made application, affidavit and obligation, all in due form of law, to purchase the land in controversy, and paid the first payment thereon, and kept the interest paid on same until date of the trial; on this application he received the award of date August 28, 1901.

"4th. That W. E. McLendon made proof of three years' continued

occupancy, and in all other respects complied with the law as a bona fide actual settler of said lands up to date of this trial.

"5th.   That, *acting in good faith upon his purchase*, W. E. McLendon erected permanent, valuable improvements, in good faith, on the land, of the value of $800.

"6th.   That J. D. McLendon has resided upon the land in controversy for about twelve years continuously as his home, and had no other, and that·he was actually residing upon the land in controversy when the land in controversy was forfeited by the Land Commissioner for abandonment, as is evidenced by his indorsement, and that the grounds for forfeiture did not actually exist.

"7th.   That part of the improvements on the land were placed there by J. D. McLendon prior to April 20, 1901, and part placed there subsequent to the filing of the suit to foreclose the lien, but that $800 of such improvements were placed there by W. E. McLendon between these times.

"8th.   That the rents are valued at $800.

"9th.   That J. D. McLendon, the father of the defendant W. E. McLendon, executed a deed of relinquishment to the State of Texas on the 8th day of April, 1901, filed in the General Land Office of Texas, April 20, 1901, to the land in controversy, reciting the consideration of his release from his obligation to the State for said land, but that, in truth and in fact, that was not the consideration, but that he attempted to relinquish the land in controversy to defeat the liens theretofore executed by him to J. K. Bumpass, and which had been sued upon.

"10th.   That the defendant W. E. McLendon had notice of the liens existing against the land, and also that J. D. McLendon, who lived in the house with defendant, had not abandoned the land; that is, he still actually resided upon it after the execution of said relinquishment."

*Opinion.*—We overrule appellee's motion to strike out the statement of facts without a consideration of the merits of the motion, because in the view we have of the case the same result follows whether the statement of facts is considered or not; and moreover, the judgment is based upon the findings of fact above set forth, to which findings there are no exceptions.

The propositions asserted by appellant narrow themselves to the sole contention that, there being no finding of fact to show that J. D. McLendon continued to improve the land in controversy during his occupancy, the judgment of the court that the Commissioner of the General Land Office was without authority to forfeit the sale was, therefore, not supported.   With this view of the law we do not agree.   The provision of law applicable to this sale authorizing a forfeiture was quoted in the former opinion already referred to, and is as follows: "And if any purchaser shall fail to reside upon and improve, in good faith, the land purchased by him, he shall forfeit said land and all payments made thereon to the State in the same manner as for nonpayment of interest, and such land shall be again for sale as if no such sale and forfeiture had occurred." (Rev. Stats. 1895, article 4218-l.)   The expression, "and improve in good faith" in the above quotation constitutes the basis for appellant's contention.   It is insisted that the purchaser must not only oc-

cupy the land for the prescribed time, but that he must also improve the same in good faith, and that a failure in either of these respects will work a forfeiture of the sale. If the above provision stood alone, it might lend some color to the contention, but when read in the light of other provisions of the same Act it is apparent that the Legislature never imposed upon purchasers of the State School Land the burden of making improvements beyond those necessarily incident to the settlement and occupancy required by other provisions of the Act. To illustrate: In the article preceding the one from which the above quotation is made, it is declared that purchasers shall have the option of paying the purchase money for their lands in full at any time "after they have occupied the same for three consecutive years;" and further, that when they have made such payment in full, "together with the proof that they have occupied the land for three consecutive years," they shall receive patents for the same upon payment of the patent fee prescribed by law. Nowhere in the Act, and in no decision that has been called to our attention, is it required that the purchaser should, in addition to his occupancy, make improvements to a specified amount, as has been done in subsequent laws. We are of opinion that the phrase "and improve in good faith" adds nothing to the requirement that the purchaser shall reside upon the land purchased by him, and that his failure to make improvements to an extent beyond that incidental to the required settlement and occupancy, would be no ground for forfeiture of the sale.

We therefore affirm the District Court's judgment upon his findings of fact above set forth.

*Affirmed.*

Writ of error refused.